ISAAC VAN BAALEN v. THE PEOPLE.

*License fees.*

.The courts will not review municipal discretion in imposing license fees, where it has not been abused.

Certiorari to Recorder's Court of Detroit.     Submitted January 10.    Decided January 28.

*D. O. Church* and *Charles S. May* for plaintiff, as to the reasonableness of the ordinance requiring pawn-brokers to pay a license fee, cited Cooley's Const. Lim., 200 and cases cited; 2 Kyd on Corp., 107; Ang. & Ames on Corp., § 357; *Com. v. Worcester,* 3 Pick., 462; *Com'rs v. Gas Co.,* 12 Penn. St., 318.

*William C. Maybury* for defendant.    A license fee is governed by the circumstances, and may be made large enough to indemnify the city for the expense of enforcing the ordinance under which the license is granted. *Cincinnati v. Buckingham,* 10 Ohio, 261; *Cincinnati v. Bryson,* 15 Ohio, 644; *State v. Herod,* 29 Iowa, 123; *Boston v. Schaffer,* 9 Pick., 415; *Tenney v. Lenz,* 16 Wis., 567.

GRAVES, J.    Van Baalen was fined in the Recorder's court in the city of Detroit for having carried on the business of a pawnbroker without license, contrary to a city ordinance, and he has brought the case here by certiorari.

The ground taken is that the ordinance, which among other regulations not complained of, exacts a fee of $200, is unreasonable in consequence of the magnitude of the charge, and is therefore invalid.

The recorder found the facts, and among others, that the business of pawnbroking gives rise to a heavy city expense, and especially in the increase of police duty and supervision which it necessitates, and he ascertained

and found in terms that the sum charged does not greatly exceed the incidental and consequential expense, and it appears plainly enough from his explanations and from matters subject to judicial notice that it is quite impossible to say the city can derive a particle of profit from the rate objected to.

Of course the subject will not admit of nice calculation, and it would be futile to require anything of the kind. Where the power to license is not evidently abused and made a pretext for doing what is a violation of constitutional right, the courts ought not to interfere with municipal discretion.

The case is governed by former decisions. *Ash v. The People,* 11 Mich., 347; *Kitson v. The Mayor,* 26 Mich., 325.

The judgment should be affirmed, with costs.

The other Justices concurred.