## WILSON ET AL. V. CHILCOTT ET AL.

MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — CURB-STONES AND GUTTERS.— The construction of curb-stones and gutters separate from sidewalks is not within the police power of the state, as such police power excludes the street, of which the curb-stones and gutters form a part. A special assessment therefor by a city against abutting lots is unauthorized and invalid under the constitution of Colorado, article 10, section 3, requiring uniformity in taxation.

*Appeal from District Court of Pueblo County.*

Mr. CHAS. C. STEIN, for appellants.

Messrs. JOHN M. WALDRON and JOHN W. SLEEPER, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This was a case submitted to the district court upon an agreed statement of facts similar to the case of *City of Pueblo v. Robinson, ante,* p. 593, the only substantial difference being that the improvements sought to be charged for in this case by special assessments are curb-stones and gutters instead of sewers. The agreed state-

ment shows that the curbing in controversy consisted of stone slabs set on edge in the ground immediately adjoining the outer edge of a plank sidewalk twelve feet wide, and thus constituted the inner wall of the gutters, and also served as a protection to the outer edge of the plank sidewalk. The sidewalks had been theretofore constructed at the expense of the abutting land-owners, pursuant to an ordinance of the city. The gutters were constructed of substantial cobble-stone. The guttering and curbing were done in a good and workman-like manner, and the cost thereof was assessed against the owners of the abutting lots in proportion to frontage respectively, under and by virtue of the ordinances of the city.

Appellees having refused to pay their respective assessments, the county treasurer threatened to sell the property of appellees as a mode of collecting the assessments. The court granted a perpetual injunction against such sale. The city of Pueblo and the county treasurer bring this appeal.

The views expressed in the case of *City of Pueblo v. Robinson* seems to us controlling in every respect, except as to the question whether the constructing of gutters and curb-stones in the public streets of a city is fairly within the domain of police regulations. Considering the reluctance with which special assessments for the construction of public works of any kind have been sustained by this and other courts, we hesitate to extend the exceptions to the uniformity rule of taxation required by section 3, article 10, of our constitution. The following from the opinion of Justice BECK in *Palmer v. Way*, 6 Colo. 106, clearly evinces the danger to be apprehended from this source:

"Referring to the constitutional provisions of the state of Colorado it will be apparent that there is but one mode of taxation provided, and that this mode is applicable alike to the levy of taxes for state, county, city and town purposes. Taxes levied under this mode must 'be uni-

form upon the same class of subjects within the territorial limits of the authority levying the tax.' * * * The limitation is a very important one, and must be held, in the absence of any other provision qualifying the rule, to be applicable to the levy of all taxes authorized by the taxing power. * * * Street improvements in a city are for the benefit of the public, and may be paid for out of the city treasury. This has been repeatedly decided. * * * If the rule can be ignored as to the streets of a city, no reason is perceived why it may not, in like manner, be disregarded in the improvement of the highways of a county, or in the construction of public improvements by the state. * * * Upon a careful examination of authorities, and upon principle, we are satisfied that the taxing power does not extend, under the constitution of this state, to local or special assessments, except under the constitutional [uniformity] rule. * * * That special or local assessments, in the general sense of the term, cannot be sustained under this power, will hardly admit of discussion. We have seen that there is great unanimity of opinion that assessments for the grading and paving of streets, for example, are a branch of the taxing power. * * * Limiting the doctrine to the facts before us, viz., to the construction of the sidewalk, exclusive of substantial grading, we are disposed to uphold the ordinance as a police regulation. We think the authorities may fairly be said to go thus far, in view of the long-established custom prevailing here and elsewhere throughout the territory and state, requiring such walks to be constructed and kept in repair and free from obstruction by the owners of property abutting upon the public streets."

The general rule is that the power to pave streets includes the power to supply gutters and curb-stones; but it does not follow that the power to construct sidewalks, and compel payment therefor by local assessments, carries with it the power to supply gutters and curb-stones

by the same arbitrary means. Under a constitutional
provision such as ours, we incline to restrict the power
to make local assessments to the narrowest reasonable
limits. In the case of *Palmer v. Way* it is declared that
the cost of "grading and paving of streets" cannot be
collected by local or special assessments; and surely gut-
ters are a part of the street rather than of the sidewalk.
In this case the curb-stones were supplied at the same
time as the gutters, and as a part thereof, the sidewalk
having been built at a different time and of different
material. If, in providing for the construction of side-
walks, reasonable curb-stones should be required as a
part thereof, perhaps a local assessment therefor might
be sustained. But in this case the assessment is not for
the curb-stone as a part of the sidewalk, nor for the curb-
stone separately, but the assessment is for *gutters and
curb-stones* as an entirety.

By the agreed statement of facts it appears that the
gutters were necessary to carry off the filth from the
street; hence, it is argued with great force that they are
as "conducive to the health, comfort and protection of
society" as sewers, and should therefore, upon the au-
thority of *Keese v. City of Denver*, 10 Colo. 112, be classed
among the municipal improvements for the construction
of which the police power of the state may be invoked.
But the same may be said of street pavements, and many
other public improvements in large cities. Public parks,
groves, fountains, statuary and the like are a great source
of comfort, and are indirectly conducive to the health
and protection of society; and so, if we yield to such ar-
guments, the danger is we shall be led to make one
exception after another, until the uniformity rule of taxa-
tion guarantied by the constitution will be entirely swept
away.

Chief Justice Agnew, in *Reed v. Erie*, 79 Pa. St. 346,
uses the following pertinent language upon this subject:
"The doctrine of local taxation for benefits conferred by

public improvements, beginning in a modest way for purposes of real utility, was found advancing by stealthy steps, and unobserved, until an impression began to prevail that private property had no protection against public needs. This court has been compelled to meet and check this dangerous advance. * * * But, notwithstanding this check, this doctrine of local taxation for benefits received had reached a perilous advance, sanctioned by many laws and decisions. We may now travel for miles in the rural districts of large cities where broad paved and curbed streets of the most costly kinds have been paid for at private expense, under arbitrary exactions. The power has become flagrant, often ingulfing the entire value of the property of small land-holders."

Accepting the doctrine of *Palmer v. Way* as *stare decisis*, the police power of the state includes the sidewalk and excludes the street. We must, therefore, as between the street proper and the sidewalk, draw the line somewhere; so we draw it at the curb-stone. If the street requires other than sidewalk improvements, either for the convenience of travel, the gratification of taste or as a protection to health, the power of the city to improve the same by general or special taxes is ample, without infringing the uniformity rule of taxation required by the constitution.

The judgment of the district court is affirmed.

*Affirmed.*