Reed, J.,
delivered the opinion of the court.
Suit was brought in October, 1889, against the city of Denver by the plaintiff in error, a corporation originally incorporated by an act of the territorial legislature in 1867, under the name of the Denver City Horse Railroad Com-, pany. In 1872 by an act of the territorial legislature the-name was changed to Denver City Railway Company, the • corporation retaining all the powers and privileges formerly possessed. It constructed various lines of street railway and = operated a large number of horse cars upon them. •
It is alleged in the complaint that by the charter the city of Denver was, among other powers, given the power by an • act of the general assembly of March 16th, 1885, “exclusively, to license, regulate and tax any or all lawful occupations, business places, amusements, and may fix the rate and charges for the carriage of persons and property within the city by licensed hackmen, omnibuses, carriagemen, draymen and expressmen.”
By an ordinance of the city passed in 1886 it was de- > dared unlawful to operate street cars without having ob *36 tained a license; by another section, the license for ■ each street car operated was fixed at $10 per annum. In the year 1888, the license fee was raised by a city ordinance to $25 per annum for each car. It is further alleged that prior to the passage of the ordinance of 1888, plaintiff had each year paid the license fee of $10, and that since the ordinance of 1888, it has at all times been willing and still was willing at the time of bringing the suit to pay a license fee of $10, but refused to pay the license fee of $25 ; that $10 was ample to pay the cost of license, police protection and supervision, and that all in excess of that amount was a tax upon the property, void and illegal. That the city was about to enforce the ordinance and collect $25 upon each car, and arrest the drivers and operators of each car unless the same was paid; and asking an injunction to restrain the collection, arrests, etc. An answer was filed and the case tried to the court without a jury.
The right to license the cars and fix the price of such license at an amount sufficient to cover the expense of police supervision is conceded, consequently no question is raised in regard to the legality of the ordinance under which the right is asserted. The question in the first instance is purely one of fact, whether the $25, the amount charged, was excessive. The abstract presents no evidence whatever, nor are we informed that any was taken. The case appears to have been twice heard by the court, and its finding upon each hearing set out at length in the abstract furnished; the finding of fact on each hearing being the same, but the finding of law, in the second instance, differing from that in the first. In both the court found a $10 license insufficient, and a $25 fee excessive, and fixed, as a compromise, $17.50 as the proper sum to be exacted. Plaintiff adopts the finding of fact in so far as it declares $25 to be excessive, consequently does not find it necessary to have that end of the case reviewed, but asks that the finding of law be reviewed. • No cross errors are assigned.
There is nothing in the brief or argument of counsel for *37 plaintiff to show that it has adopted or is willing to adopt the $17.50 as the proper charge, nor is there anything to show that the defendant is not willing to accept the $17.50, but it not having been accepted and acted upon by either, the presumption is that it was rejected by both, and plaintiff is in the position of adopting the finding that $25 was excessive, without adopting the finding that the sum of $17.50 was correct, but still adhering to the allegation that $10 was sufficient, while attempting to avail itself of the finding that $25 was excessive to the amount of $7.50. This seems an anomalous and unprecedented manner of presenting a cause for review.
In the first opinion of the court it is said, “ But I have been conversant with the lines of railroad and cars of the plaintiff in this city for a number of years, and I know of my own knowledge, of which, of course, I can’t divest myself, that the police regulation cannot, from the testimony offered, make it necessary for the payment of $25 on each of these cars,” etc. This is rather a poor basis upon which to review the finding of fact. It is needless to say that the convictions of the court, from personal observation, cannot take the place of competent evidence. In our opinion the finding of law is so absolutely dependent upon the finding of fact, the law so dependent upon the fact, that we can hardly review one without the other.
It is urged by counsel of defendant that under its charter it has the right not only to tax street cars, by license, for sufficient to cover the cost of police control and supervision, but also by license fee, to tax the business of running street railroad cars for the purpose of municipal revenue. This contention is adopted by the court, and after having found $25 excessive to the extent of $7.50 in both findings, in the latter holds:
“ First. — That the license for police regulation does not, under the testimony offered, justify a greater license than $17.50 per car, as heretofore found, but that the wording of the city charter gives the city the right to tax as well as to *38 license for police regulation, and that the charter of the plaintiff company approved January 10th, 1867, in no way exempts it from paying such tax.
“ Second. — That the city council, having the power to assess said tax at the sum of $25 per car, and having elected to do so, that the same is legal.”
This finding cannot be sustained. The right to tax a “ business ” by license cannot be extended so as to cover a tax levied by license upon property used in the business. An extended discussion on this proposition is unnecessary. The assumption is in direct conflict with constitutional provisions and prohibition. Street cars, horses and all personalty connected with them, belonging to the corporation are, by the operation of general laws, subjected to taxation for state, county and municipal purposes, upon valuation .and upon a fixed basis, like property used in the prosecution of other business.
It is declared in the state constitution, art. 10 sec. 3, “ All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and-shall be levied and collected under general laws which shall prescribe such regulations as shall secure a-just valuation for taxation of all property, real and personal.” The assumed right to discriminate, to double tax the same property, first, generally upon valuation for purposes of revenue ; second, to tax, under the power to license, without valuation, at the will and caprice of the city council for purposes of revenue, cannot be sustained. It is in direct conflict with the constitution which x-equires unifoimity of taxation upon valuation. If the contention is to prevail, it might result in prohibiting a legitimate business, and confiscation, by discriminating, and double taxation of the personal property used ixi the prosecution of the business.
In Palmer v. Way, 6 Colo. 110, it is said: “A certain .mode being prescribed, all other modes are excluded, and any act of the legislature assuming to authorize the levy and collection of taxesf by a mode that ignores the principles of valúa *39 tion and uniformity,■ is null and void.” Wilson v. Chilcott, 12 Colo. 602; People ex rel. v. Henderson, 12 Colo. 371; Carlisle v. Pullman Co., 8 Colo. 327.
We think the court erred in finding the law to be, that the defendant could by way of license, tax the property of plaintiff for revenue as well as for police supervision, and that this finding must be reversed. An injunction was asked restraining the city from in any way proceeding to collect more than $10. It was also asked that the ordinance fixing license at $25 be declared void.
In the absence of evidence and established facts, the ordinance, as above stated, cannot be declared void. Whether or not the license fee was exorbitant we have no means of judging. The fee cannot be fixed accurately. The duty the city government owes the people, and its liabilities for damage for failure in proper supervision, are factors to be considered, and require it to put the fee at a figure amply sufficient to cover liability and pay for careful supervision. What the actual cost of supervision was, was a matter peculiarly within the knowledge of the city government. The city council is a deliberative, .administrative body, chosen from the people, legislating under the charter upon subjects with which they are supposed to be familiar. This court cannot interpose its opinion and guess at a cost of administration, nor take the judgment of the court below, as against the judgment of the city council. The city council, by ordinance, estimated the cost and responsibility on each car at $25 — appellant insists upon $10 — the court compromises and fixes it at $17.50, which finding is not adopted. It is true there is a discrepancy of $7.50, that difference between the judgment of the court and that of the city. Which is right, we cannot say.
In Cooley on Taxation (2d ed.), 598, it is said: “ But the limitation of the license fee to the necessary expenses will still leave a considerable field for the exercise of discretion,, where the amount of the fee is to be determined.”
In Van Baalen v. People, 40 Mich. 258, it is said: “ The. *40 question as to the reasonableness of the amount of the license fee will not admit of nice calculations, and it would be futile to require anything of the kind.” Courts will not review municipal discretion in imposing license fees, where it has not been abused in this instance. In many cities double the amount has been held not to be excessive. Allerton v. Chicago, 9 Biss. (U. S. C. C.) 552; Railway Co. v. Phila., 58 Pa. St. 119; Railway Co. v. Phila., 101 U. S. 532.
The general rule appears to be that courts will not interfere with the discretion of municipal bodies unless there is an evident abuse of power.- Plaintiff alleges an abuse of $15 ; the court finds $7.50. Should we adopt the court’s finding, plaintiff could not obtain the relief asked. In our view, the case presented is peculiar — there is a correct judgment denying the injunction and sustaining the ordinance, but based upon errors of law. It is very doubtful whether the wrong, if there is one, can be reached by injunction or remedied in a court of equity. The authorities seem to concur in saying, that a writ of injunction should never be issued against a municipal corporation unless the right and power are free from doubt. 2 High on Injunc. §§ 1240, 1244; Poyer v. Des Plaines, 123 Ill. 111; West v. Mayor of N. Y., 10 Paige, 539; Eldridge v. Hill, 2 Johns. Ch. (N. Y.) 281.
It is apparent, that under the case as made in the complaint, a court of equity was powerless to declare the ordinance void and enjoin proceedings for its enforcement.
The suit should be dismissed.

Reversed.