[No. 1281.]

WALSH v. THE CITY OF DENVER.

1. TOWNS AND CITIES—ORDINANCES—DISCRIMINATION.
An ordinance of a city is not void because of a discrimination between
    different classes of persons, if it affects all persons of a certain class
    and as to them acts uniformly.

2. SAME.
Where an ordinance of a city applies alike to all persons of a class, the
    fact that the executive officers of the city do not enforce it against
    all who are subject to its provisions, cannot affect its validity.

3. SAME.
The exercise of its discretion by a municipality in fixing license fees
    will not be interfered with by the courts unless it be clearly shown
    that the license fee is exorbitant.

4. PRACTICE—JURIES—SPECIAL VERDICT.
In an action for the recovery of money, the jury may under section 199
    of the code, in their discretion, return a general or special verdict,
    but it is not within the power of the court to instruct them to return
    a special verdict only.

5. PRACTICE—ERROR WITHOUT PREJUDICE.
Where the plaintiff wholly failed to sustain his case and the judgment
    rendered for the defendant was the only one which could be sus-
    tained upon the case as made, the fact that the court erred in
    restricting the verdict of the jury to special findings is without
    prejudice and will not justify a reversal.

*Error to the District Court of Arapahoe County.*

Mr. S. L. CARPENTER, for plaintiff in error.

Mr. F. A. WILLIAMS and Mr. G. Q. RICHMOND, for de-
fendant in error.

WILSON, J., delivered the opinion of the court.

This suit was instituted to recover as for money had and
received, fifty dollars paid by plaintiff under protest as a
license fee exacted by ordinance of the defendant city for
carrying on the business of a meat market or butcher shop.

The ordinance in question seems to have been entitled, " Concerning Health," but only two sections of it were offered in evidence and are preserved in the record. They read as follows :

" Sec. 54. It shall be unlawful for any person or persons, firm or corporation, to keep open or establish, maintain or conduct within the limits of the city of Denver, any butcher shop or meat market without first having obtained a license therefor, as herein provided :

" Any person or persons desirous of procuring a license shall make application to the fire and police board for the same, and such application shall have endorsed thereon the approval of the health commissioner before it shall be considered by the said fire and police board; and there shall have been deposited with the city treasurer the sum of fifty dollars, which is hereby fixed as the annual fee of such license, to be evidenced by the receipt of the city treasurer, indorsed on said application. If the fire and police board refuses to order the issuance of such license to the party or parties applying for the same, the money so deposited with the city treasurer shall be returned to the applicant without any further action. Such license shall only be good at the place of business stated in the original application, and shall not be transferable from one person to another or from one location to another location.

" Such licenses shall be revoked by the fire and police board, on the recommendation of the health commissioner; Provided, that the premises are not kept in cleanly condition, and the meats, fish, game and fowl kept, offered for sale or sold are not of proper quality and kind for human consumption, and that all ordinances of the city, and rules and orders of the health commissioner in reference to the sale and storage of meats and food are not faithfully and satisfactorily complied with."

" Sec. 158. That any person who violates, disobeys, omits, neglects or refuses to comply with or resists any of the provisions of this ordinance, * * * shall, upon conviction, be fined

a sum not less than three dollars, nor more than one hundred dollars, and every omission, neglect or continuance of the thing commanded or prohibited by this ordinance, for twenty-four hours, shall constitute a separate and distinct offense, and shall be fined accordingly."

The plaintiff in his complaint claimed the right to recover on two grounds : *first*, that the ordinance was invalid because of a discrimination in this ; that a large number of persons, firms and corporations were engaged in the business of dealing in and selling groceries and provisions, and among other things, smoked, dried and salted meats, and fresh fish and poultry, and who are not commonly classed and considered as keepers of butcher shops or meat markets, and from them the city exacted no license fee or tax ; *secondly*, upon the ground that the license fee was largely in excess of the amount necessary to cover the expense of issuing the license, and of the proper inspection and supervision of the business in which plaintiff was engaged, and that it was imposed and exacted for general revenue purposes.

The power which the city had, if at all, to enact that portion of the ordinance presented and to require the payment of a license fee, was derived through one or the other or both of the following provisions of the city charter then in force :

" Art. II., sec. 20. (The City Council shall have power by ordinance.) *Tenth*—Exclusively to provide for the licensing, regulating and taxing of all lawful occupations, business places, trades, professions, amusements, places of amusement, the carrying of passengers, goods or merchandise and the use of horses or other animals and vehicles of all kinds, provided that such licenses shall be granted by the Fire and Police Board only."

" *Fifty-Third*—To regulate and license or prohibit butchers and to revoke their licenses for malconduct in the course of trade, and to regulate, license and restrain the sale of fresh meats, fish and vegetables."

It is contended by plaintiff that the second clause, being special in its nature, controlled, and whatever authority the

city had in the premises was derived from it. In the view which we take of this case, this question is immaterial. The sole questions before us are: Was the ordinance void because of discrimination? and, Was the license fee excessive? It is difficult for us to determine on the question of discrimination when the whole of the ordinance is not before us. It seems to have been based upon the power of the city to legislate for the preservation of the health of the community, and there may have been provisions in the ordinance which show the necessity and intention to make it apply specially to the vendors of fresh meats. In any event, however, taking the view of it urged by plaintiff, the facts alleged charge simply a dereliction of duty on the part of the city officers. Admitting that grocers who sold fresh fish and poultry, dried and salted meats were keepers of butcher shops or meat markets within the meaning of those terms, it by no means follows that the ordinance is invalid or void because the officials charged with the execution of it fail to do their duty and exact a license fee from these grocers or others. The ordinance does not undertake to discriminate, but is general in its terms and applied to the keepers of all meat markets or butcher shops. All alike engaged in this business must pay the fee. It is well settled that an ordinance is not void because of a discrimination between different classes of persons, if it affects all persons of a certain class, and as to them acts uniformly. *Foster v. Board of Police Commissioners*, 102 Cal. 483.

As to whether or not the license fee exacted was excessive, is a question of fact which in this case was specially found by the jury in favor of the city. As a general rule, courts will not interfere with the discretion of municipal bodies, unless there is an evident abuse of power. The only evidence introduced by plaintiff and upon which he bases his claim that the fee was excessive, was that according to the books of the auditor during the year 1894, the year in which plaintiff paid the license in question, only about twenty-five per cent of the amount collected as licenses from meat markets

and butcher shops appeared to have been paid out and charged
to the account of meat inspection. This is very slight evi-
dence of the expense which might have been or was incurred
by the city on account of the carrying on of this business within
its limits. There were many other incidental expenses aside
from the salaries of the officers charged with the special duty
of inspecting these places of business. There was the cost
of police surveillance, of prosecutions for violations of the
ordinances, and the salaries of the various officers of the city,
some proportion of which might be properly chargeable to this
business. The municipality had the right to look not only
to the direct but to the incidental expenses. The actual
cost of supervision was a matter peculiarly within its knowl-
edge, and the exercise of its discretion will not be interfered
with unless it be clearly shown that the license fee was exor-
bitant. *Denver City Ry. v. Denver*, 2 Colo. App. 39; *Den-
ver City Ry. v. City of Denver*, 21 Colo. 352; Cooley on
Taxation, 598. The evidence was clearly not sufficient to
show that the fee was excessive. The court did not err in
denying the motion of plaintiff for judgment *non obstante
veredicto.*

The plaintiff seeks to raise in his brief a question not pre-
sented by the record of the case. He urges that the ordi-
nance is void because the fire and police board is given
the arbitrary power to grant or refuse licenses at their will
and pleasure, uncontrolled and unrestrained by any general
regulations or provisions as to the limits of their power.
We do not pass upon it because it is not within this case.
The plaintiff is not appealing from a decision inflicting the
penalty provided for refusal to take out a license, nor is he
seeking to restrain the board from the exercise of their pre-
tended power. The board did not refuse him the license,
but on the contrary according to plaintiff's own admissions
was at all times willing to grant him a license, and did issue
one to him. For these reasons, this question does not come
up in this proceeding, and we fail to see how it can.

Error is predicated upon the action of the trial court in

another particular which presents a more serious question. The court proceeded upon the theory that the principal issues involved being those of law, it was within its discretion to have a jury for advisory purposes only. It therefore submitted to the jury two questions of fact only, namely: Was the license fee paid under protest? and, Was the amount of $50.00 fixed for the license, excessive? It submitted these questions to the jury for special findings, and expressly instructed them not to return a general verdict, although it was requested by the plaintiff. This was an action for the recovery of money only, and came within the provisions of the code, sec. 199. In such case, the jury had the power to return a general or special verdict. As to which they would render was in their discretion alone, and was not subject to the control of the court. This proposition having been heretofore directly decided by this court, it is unnecessary to discuss it further. *Pickett v. Handy*, 5 Colo. App. 295.

Ordinarily this error would necessitate a reversal of the judgment and the remanding of the cause for a new trial. In this instance, however, the plaintiff wholly failed to sustain his case. There was really nothing for a jury to determine, although the court did submit to it for a special finding the only issue of fact which there was any attempt to support by evidence, and which there was a complete failure to establish. If a general verdict had been desired, it would have been proper for the court upon the proofs presented to have instructed the jury to return a verdict for defendant. The error was therefore without prejudice, and did not affect the substantial right of the parties. The record would not support a judgment for plaintiff, even if there had been a general verdict in his favor. The judgment as rendered was the only one which could be sustained upon the case as made. The case comes within the provisions of the code, sec. 78, and in accordance with the well settled rule repeatedly announced by this court and by the supreme court, the error committed by the trial court does not call for a reversal of the judgment. "Where it is evident that the plaintiff cannot recover on the

case which he has made, it is not the duty of an appellate tribunal to reverse the cause for errors of law committed at the trial, and subject the parties to continued litigation and expense by affording him an opportunity to retry an issue whereon he has failed to offer sufficient proof to uphold a judgment." *Troth v. Crow*, 1 Colo. App. 457; *Clanton v. Ryan*, 14 Colo. 419.

The judgment will be affirmed.

*Affirmed.*