MURRAY v. CITY OF BATTLE CREEK.

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—WHOLESALE PRODUCE DEALERS—PUBLIC HEALTH.

Protection of public health would support a proper nondiscriminatory license ordinance as to wholesale produce dealers with reasonable classification as to dealers.

2. MUNICIPAL CORPORATIONS—WHOLESALE PRODUCE DEALERS—ORDINANCES.

Ordinance requiring itinerant wholesale produce dealers who do not maintain a storehouse or established place of business within the city to procure a license, pay annual fee of $100 for each vehicle used, and furnish a $500 bond *held*, void as discriminatory in favor of local establishments where it does not appear that it is but one item of general scheme of city legislation, the whole demonstrating uniformity of regulation or reasonableness of classification.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted October 12, 1934. (Docket No. 26, Calendar No. 37,980.) Decided December 10, 1934.

Bill by Paul H. Murray and others against City of Battle Creek, a municipal corporation, for an injunction to restrain enforcement of an ordinance and for other relief. Bill dismissed. Plaintiffs appeal. Reversed.

*Howard & Howard,* for plaintiffs.

*Walter P. North,* for defendant.

FEAD, J. Plaintiff filed bill to declare an ordinance of the city of Battle Creek unconstitutional and void and to restrain its enforcement. Defendant had decree dismissing the bill.

The ordinance requires an "itinerant wholesale produce dealer" to give a bond to the city in the sum of $500, conditioned on his compliance with all the city ordinances and State laws regulating or concerning the sale of his products, paying all judgments rendered against him for violation of ordinance or statute, and paying all judgments and costs which may be recovered by individuals for damages growing out of any misrepresentation or deception, to pay a fee of $100 per year for each vehicle used, and to obtain a license, in order to sell within the city, on penalty of fine or imprisonment for violation. Plaintiffs have no storehouses or established places of business in the city and claim the ordinance is discriminatory against them and denies them equal protection of the laws, because of the definition and exception following:

"Sec. 4. The term 'itinerant wholesale produce dealer,' for the purpose of this ordinance, shall be defined to be any person, firm, association or corporation, who or which sells or offers for sale from a cart, car, wagon, truck, automobile or other vehicle operated or propelled over and upon the streets and thoroughfares of the city of Battle Creek, any fruits, vegetables, garden produce, butter, eggs, cheese, game, poultry, meats, fish or sea foods to any person, firm, association or corporation engaged in the business of selling at retail within the city of Battle Creek, or to any person, firm, association or corporation engaged in the business of selling at retail within the city of Battle Creek, or to any person, firm, association or corporation for the purpose of resale of the hereinbefore mentioned products within the city of Battle Creek, or any restaurant, hotel or boarding house within the city of Battle Creek.

"Sec. 5. This ordinance shall not apply to or affect any dealer having a storehouse or established

place of business within the city of Battle Creek, which is used continually in the storing, selling and distributing of the hereinbefore mentioned products and serving regular customers upon substantially fixed routes in the city of Battle Creek.''

Upon its face, the ordinance is void as discriminating in favor of local establishments. *Cook Coffee Co. v. Village of Flushing*, 267 Mich. 131; 61 A. L. R. 337, note. Defendant, however, argues that it may be sustained as an exercise of the police power in the interest of public health because it covers only perishable food products, city officers regularly inspect local food establishments, and this ordinance provides a means of identifying dealers who have no local places of business and of inspecting their wares.

Protection of public health would support a proper nondiscriminatory license ordinance, with reasonable classification as to dealers. If we assume the purpose of the ordinance to be as stated by defendant (although not disclosed on its face, *Chaddock v. Day*, 75 Mich. 527 [4 L. R. A. 809, 13 Am. St. Rep. 468]), it nevertheless remains that it imposes on outside dealers the burden of a bond and license fee not imposed on local dealers and discloses no other basis of classification for the difference in burdens than that held invalid in the *Cook Coffee Company Case*.

The thought is suggested by *Chaddock v. Day, supra,* and *Ash v. People,* 11 Mich. 347 (83 Am. Dec. 740), that such an ordinance, although invalid on its face, could be sustained if it were merely an item in a general scheme of city legislation, the whole demonstrating uniformity of regulation or reasonableness of classification. But no other ordinances are before us indicating the regulations governing

local dealers or controverting the discrimination here manifest.

Decree reversed and one may be entered for plaintiffs, with costs.

Nelson Sharpe, C. J., and Potter, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred. North, J., did not sit.