COLONIAL BAKING CO. *v.* CITY OF FREMONT.

Constitutional Law—Licenses—Hawkers and Peddlers—Unreasonable Discrimination in Favor of Local Parties.

Insofar as city ordinance which contained a severing clause and which regulated hawkers and peddlers discriminated against nonresident of city in the vending of packaged baked goods from house to house by exempting hawkers and peddlers with an established place of business or who were residents of the city from license fee imposed, such ordinance was unconstitutional as unreasonably discriminatory (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 1).

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted October 9, 1940. (Docket No. 13, Calendar No. 41,210.) Decided January 6, 1941. Rehearing denied April 11, 1941.

Bill by Colonial Baking Company of Grand Rapids, Incorporated, a Michigan corporation, against City of Fremont, a municipal corporation, for an injunction to restrain enforcement of an ordinance licensing certain businesses. Bill dismissed. Plaintiff appeals. Reversed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Harry D. Reber,* for defendant.

Bushnell, J.   Plaintiff corporation, engaged in the retail baking business, has its principal office and place of business in the city of Grand Rapids, with branch agencies in other localities. Its employees call at the homes of its customers, taking orders for, selling and delivering baked goods.

Plaintiff has operated in the city of Fremont for some time, and there serves over 300 customers daily. It is agreed between the parties that plaintiff's business is conducted "in a quiet, dignified, and law-abiding manner; its vehicles, warehouses and bakery are maintained and kept in a sanitary condition; its merchandise is satisfactorily wrapped and packaged at the bakery and is not subject to contact with human hands until it gets into the hands of the consumer; its employees are required to take and pass rigid physical and health examinations; its merchandise is of high quality and entirely fresh and wholesome; its prices are uniform and are generally as low if not lower than the prices of other bakers for the same quality of merchandise; no representatives of the plaintiff in the city of Fremont have been guilty of questionable practices or sharp dealings; and a considerable number of persons are employed by the plaintiff in every place where it does business, including the city of Fremont."

As a result of a petition filed March 13, 1939, by a number of local merchants, with the city commission of Fremont, an ordinance was subsequently enacted regulating and licensing certain businesses, trades, and occupations. Section 1 (f) reads:

"Hawkers and peddlers who are not prohibited from engaging in their occupations by the ordinance of the city of Fremont entitled 'An ordinance declaring the solicitation of orders for merchandise, and peddling and hawking the same, under certain circumstances, a nuisance, providing for the abatement thereof and penalties for the violation thereof, * * * shall obtain licenses and pay license fees as follows:

"(1) Every hawker or peddler of goods, wares, or merchandise, suitable for consumption as food,

other than dairy and farm products, $2 per day, $8 per week, or $25 per month.

"(2) Every hawker or peddler of any kind of goods, wares, or merchandise, other than dairy or farm products, and other than products of his own handicraft, unless such hawker or peddler shall operate or be selling such goods, wares, and merchandise from an established place of business within the corporate limits of the city of Fremont, where such goods, wares, and merchandise have been regularly sold at retail within the corporate limits of the city of Fremont for a period of [at?] least 30 days preceding the application for license, and except where the hawker or peddler has been a bona fide resident of the city of Fremont for a period of 30 days immediately preceding the application for license and such application for license does not include the business of selling goods, wares, and merchandise for human consumption as food, $2 per day, $8 per week, or $25 per month.

"(3) Every hawker or peddler selling from a truck, stand, counter or booth in and upon any street, alley, or public place of the city, $2 per day."

Hawkers and peddlers are defined in section 1 (i) as including "all persons who travel from place to place or from door to door in said city, or stand upon the streets, walks, alleys, or public places in said city, either with or without a vehicle, for the purpose of selling or offering or exposing for sale, or taking orders for future delivery of any goods, wares, merchandise, or any kind of property or thing."

The budget of the city for the fiscal year of April 1, 1939, to March 31, 1940, estimated the revenue from city licenses as $75, and made no express provision for regulation of licensees. There was an appropriation of $2,500 for operation of the police department.

Plaintiff attacked the validity of the ordinance and obtained a temporary injunction restraining its enforcement. After taking testimony, the trial judge filed a written opinion in which he held the ordinance valid and dissolved the injunction. Plaintiff appeals from the decree entered in the circuit court and renews in this court the claim of invalidity of the ordinance upon the following grounds:

1. That the ordinance provides for a tax for revenue purposes upon certain businesses, trades, and occupations and, as such, lies beyond the taxing power given to the city by its charter.

2. Assuming the power in the city to pass such taxes for revenue purposes, the fees prescribed are excessive, unreasonable, and prohibitive, so as to constitute a deprivation of property without due process of law.

3. The title of the ordinance does not set forth a revenue-raising purpose.

4. The ordinance denies the plaintiff equal protection of the law, by making an unreasonable classification, and is an unconstitutional discrimination against plaintiff.

The decisive question is that of unreasonable classification and unconstitutional discrimination. Applicable authorities on this subject are *Cook Coffee Co.* v. *Village of Flushing,* 267 Mich. 131, and *Murray* v. *City of Battle Creek,* 269 Mich. 249.

In the first case the village of Flushing passed an ordinance which required all persons hawking and peddling goods from door to door to obtain licenses; but those hawkers and peddlers who represented retail or wholesale establishments which had been engaged in business in the village of Flushing three months or longer were exempt from the payment of fees. The Cook Coffee Company had its main offices in Detroit, with warehouses there and elsewhere, but

none in Flushing. Its salesmen took orders and delivered its commodities from door to door by trucks. It had been operating in this manner in the village of Flushing for more than five years. After paying $10 per day in fees over a period of several months, it refused to continue these payments and filed a bill to enjoin enforcement of the ordinance, This court held the Flushing ordinance void because it constituted an unlawful discrimination in violation of the Fourteenth Amendment of the Constitution of the United States and article 2, § 1, of the Constitution of this State (1908). See authorities there collected.

In *Murray* v. *City of Battle Creek, supra,* an ordinance required itinerant wholesale produce dealers to give a bond of $500 to guarantee compliance with city ordinances and State laws, and to pay a fee of $100 per year for each vehicle used within the city. The Battle Creek ordinance provided:

"Section 5. This ordinance shall not apply to or affect any dealer having a storehouse or established place of business within the city of Battle Creek, which is used continually in the storing, selling and distributing of the hereinbefore mentioned products and serving regular customers upon substantially fixed routes in the city of Battle Creek."

This court held, under the authority of the *Flushing Case,* that the Battle Creek ordinance was invalid. See, also, *In re Irish,* 121 Kan. 72 (250 Pac. 1056, 61 A. L. R. 332), and authorities annotated in 61 A. L. R., beginning at page 337.

The discrimination expressed against nonresidents in the ordinance in the instant case is sufficiently comparable to the discriminations involved in the village of Flushing and the city of Battle Creek

ordinances to make our holdings in those cases controlling. It is clear that the city of Fremont has attempted to favor local merchants by means of an unlawful and unconstitutional discrimination against others. This it cannot do.

The ordinance in question contains a severable provision and is, therefore, held invalid only so far as section 1 (f) is concerned. It is unnecessary to discuss the other points raised by plaintiff.

The decree is vacated and one may be entered here in accordance with this opinion, with costs to appellant.

SHARPE, C. J., and BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred with BUSHNELL, J. NORTH, J., concurred in the result.